This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                           **NO. 33,343**

**ALBERT JOSE RAMIREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him in a bench trial for battery upon a police officer. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. Having considered Defendant's response, we remain unpersuaded that the district court erred. We affirm.

{2}     Defendant raises three issues on appeal. First, he argues that the district court erred by ruling that the officer, who transported Defendant from the detention center to court, is a "peace officer" within the meaning of NMSA 1978, Section 30-22-24 (1971) (proscribing the offense of battery upon a police officer). [DS 4; MIO 3-4] Second, Defendant challenges the sufficiency of the evidence to support his conviction. [DS 5; MIO 4-7] Third and last, Defendant argues that he was denied the effective assistance of counsel. [DS 5-6; MIO 7-11]

{3}     In his response, Defendant has not presented this Court with any new factual or legal arguments that persuade us that our notice incorrectly addressed Defendant's first two issues. Accordingly, for the reasons set forth in the notice, we hold that the transport officer was a "peace officer" within the meaning of Section 30-22-24 and that sufficient evidence supports Defendant's conviction for that offense.

{4}     In response to our notice, Defendant explains that his trial counsel was ineffective based on the following: trial counsel was a very busy attorney who did not

2

have time to prepare properly for his case, including the failure to call witnesses who would have been able to prove that Defendant was unable to walk and was severely mentally ill; trial counsel allowed Defendant to go to trial when he was mentally ill and failed to have a further psychological and competency evaluation conducted; trial counsel failed to call police witnesses to undermine the credibility of the transport officer, who had an "ever-changing story" [MIO 9]; trial counsel wanted Defendant to take a plea and pressured him into a bench trial; trial counsel did not provide him with discovery until after the trial was over; trial counsel "failed to secure [Defendant] effective treatment in sentencing" [MIO 9]; and trial counsel completely failed to communicate with him about the case. [MIO 8-9]

{5}    Defendant further states that he understands that these claims were not developed below and that he has the burden of showing ineffective assistance of counsel. [MIO 9] Defendant nevertheless asks this Court to remand for an evidentiary hearing, arguing that it would not comport with judicial economy to require collateral proceedings in this case. [MIO 10]

{6}    We decline to remand for an evidentiary hearing. "If facts necessary to a full determination are not part of the record, an ineffective assistance of counsel claim is more properly brought through a habeas corpus petition[.]" *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. We cannot and will not disturb the

preference repeatedly expressed by the New Mexico Supreme Court to resolve ineffective assistance of counsel claims in habeas proceedings, where the record is inadequate for a full review on direct appeal. *See also State v. Samora*, 2013-NMSC-038, ¶ 23, 307 P.3d 328 ("Because we usually have insufficient information before us to evaluate an ineffective assistance claim on direct appeal, as in this case, 'this Court prefers that these claims be brought under habeas corpus proceedings so that the defendant may actually develop the record with respect to defense counsel's actions.'" (quoting *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517)); *State ex rel. Martinez v. City of Las Vegas,* 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that "[t]he Court of Appeals . . . remains bound by Supreme Court precedent." (alterations in original) (internal quotation marks and citation omitted)). Defendant's claims are not sufficient to establish a prima facie case of ineffective assistance of counsel. Therefore, we have no sound basis upon which to remand. If Defendant wishes to pursue his claims, we encourage him to do so in a conforming petition for writ of habeas corpus.

{7}     For the reasons set forth in our notice and in this opinion, we affirm the district court's judgment and sentence.

{8}     **IT IS SO ORDERED.**

                                   _____

                                   **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**